JAMES M. MALONEY (JM-5297)
Attorney for Defendant
33 Bayview Avenue
Port Washington, New York 11050
Telephone: (516) 767-1395

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
GOWANUS INDUSTRIAL PARK,    INC.,                    **Rule 56.1 Statement**

                Plaintiff,                              Case No. CV-06-0105
                                                                            (SJ) (JMA)

    - against -

ARTHUR H. SULZER ASSOCIATES, INC.,

                Defendant.

----------------------------------------------------------------------X

     Defendant, ARTHUR H. SULZER ASSOCIATES, INC., in support of a Rule 56 motion for summary judgment and in keeping with Local Rule 56.1, hereby submits this statement of undisputed material facts, with true copies of relevant documents annexed hereto.

     1.    **The Barge ADA, which is the subject of this lawsuit and of which Defendant is the registered owner, was demise or "bareboat" chartered to CDS Marine Construction, LLC ("CDS") beginning May 30, 2000, and continuing until the discharge of CDS in bankruptcy in or about July, 2005, making CDS the disponent owner of the Barge ADA during that time period.**  Attached hereto as Exhibit 1 are true copies of the charter party and of the CDS bankruptcy decree.

     2.    **Any and all invoices generated by Plaintiff for the services claimed to have been provided as the Barge ADA, and for which compensation has been sought by means of this lawsuit, were addressed to CDS and not to Defendant.**  Attached hereto as Exhibit 2

are true copies of all such invoices.

3. **Plaintiff never filed a Notice of Claim in the CDS bankruptcy proceeding**. Attached hereto as Exhibit 3 are true copies of Plaintiff's April 11, 2006, response to document requests, wherein same is expressly admitted. (A true copy of the demand follows as part of the same exhibit.)

4. **Plaintiff in fact owed (and never paid) CDS Marine at least $27,280 for work performed, which was listed as CDS's property in the bankruptcy**. Attached hereto as Exhibit 4 are true copies of Schedule B to the CDS bankruptcy petition, listing same, and of excerpts from the first deposition of John Quadrozzi conducted on August 17, 2006, at the offices of Paykin, Greenblatt, Lesser & Krieg, LLP, 185 Madison Avenue, New York, New York. NOTE: Plaintiff initially stated, in the April 11, 2006, response to document requests (Exhibit 3, referenced above) that it had "no knowledge of any account receivable claimed by CDS," but the following was elicited at Mr. Quadrozzi's deposition (page 39, lines 8-14, excerpt attached):

> Q. *It [Schedule B to the CDS bankruptcy petition] says "line 15. Accounts receivable," and listed there in that box, at the very bottom are four lines. It says, "Gowanus Industrial Park, $27,280." Do you have any idea what that means?*
>
> A. *I believe she invoiced us for some of that work, so perhaps that's the number.*

5. **Plaintiff and Defendant never had any contractual relationship**. See Mr. Quadrozzi's deposition, page 40, lines 12-15, excerpt attached as part of Exhibit 4, with an additional copy of relevant page provided for the Court's convenience as Exhibit 5 hereto.

6. **Plaintiff grossly inflated the charges claimed for "services" to the barge, both**

**by initially making out a claim for services rendered to three barges, two of which had no connection to Defendant, and also by charging a "penalty" or "unauthorized" daily rate far in excess of any reasonable market rate for dock space.** Attached hereto as Exhibit 6 are: (a) true copies of Plaintiff's initial disclosures setting forth damages at $489,550.18 (referencing the invoices that comprise Exhibit 2 hereto); (b) Exhibit J to the first deposition of John Quadrozzi conducted on August 17, 2006 (generated by Plaintiff, reducing claimed damages to $137,223.21, *i.e.*, 28% of Plaintiff's initial claim); and (c) further excerpts from the first deposition of John Quadrozzi conducted on August 17, 2006.

    7.    **The use of the Barge ADA was one of two crane barges used by CDS to perform services for Plaintiff on Plaintiff's property, for which Plaintiff has never paid, and Plaintiff has thus already received some benefit from the presence of the barge on its property.** Attached hereto as Exhibit 7 are true copies of excerpts from the second (continued) deposition of John Quadrozzi, conducted on November 8, 2006, at the offices of Quality Concrete, 46-73 Metropolitan Avenue, Maspeth, Queens (adjacent to the Newtown Creek near the Brooklyn border, incorrectly designated as "Ridgewood" on the first page of the transcript).

    8.    **Defendant, even more so than Plaintiff, has suffered losses as a result of the CDS bankruptcy.** See record of proceedings by ARTHUR H. SULZER ASSOCIATES, INC. against CDS in the District of New Jersey (which were rendered moot by the CDS bankruptcy) attached as part of Exhibit 4 to the Declaration of James M. Maloney dated April 4, 2006, in support of Defendant's Rule 11 motion, and filed contemporaneously herewith.

    I declare under penalty of perjury that all exhibits attached hereto are true copies of the original documents.

*[signature]*

JAMES M. MALONEY (JM-5297)