```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
GOWANUS INDUSTRIAL PARK, INC.

         Plaintiff/Counter-        NOT FOR PUBLICATION
         Defendant,
                                   ORDER ADOPTING REPORT AND
      - against -                  RECOMMENDATION_____

ARTHUR H. SULZER ASSOCIATES, INC.  06-CV-105 (KAM) (JO)

         Defendant/Counter-
         Claimant.
--------------------------------X
```

**MATSUMOTO, United States District Judge:**

On May 21, 2012, Plaintiff/Counter-Defendant Gowanus Industrial Park, Inc. ("Gowanus") and Defendant/Counter-Claimant Arthur H. Sulzer Associates, Inc. ("AHS") filed post-remand cross-motions for summary judgment on the counterclaims of AHS, pursuant to Federal Rule of Civil Procedure 56. (ECF No. 82, Gowanus' Post-Remand Motion for Summary Judgment dated 2/27/12; ECF No. 83, Gowanus' Memorandum in Support ("Gowanus Mem."); ECF No. 85, AHS's Opposition to Gowanus Mem.; ECF No. 86, Gowanus' Reply; ECF No. 87, AHS's Post-Remand Motion for Summary Judgment dated 3/26/12 ("AHS Mem."); ECF No. 89, Gowanus' Opposition to AHS Mem.; ECF No. 91, AHS's Reply.) By Order dated May 21, 2012, the court referred the cross-motions to Magistrate Judge James Orenstein for a Report and Recommendation. (*See* Order Referring Cross-Motions dated 5/21/12.) On March 7, 2013, Judge Orenstein issued a Report and Recommendation recommending that

the court deny both motions for summary judgment, dismiss AHS's pending counterclaims, and grant AHS leave to file amended counterclaims within thirty days of this court's Order. (ECF No. 92, Report and Recommendation dated 3/7/13 ("R&R") at 1, 15.) Judge Orenstein notified the parties of the right to file written objections within fourteen days of receipt of the R&R. (R&R at 15.) On March 25, 2013, AHS timely filed objections to the R&R. (*See* ECF No. 93, AHS's Objections to R&R dated 3/25/13 ("AHS Obj.").) Gowanus, however, did not file objections to the R&R. Although Gowanus has yet to file its response to AHS's objections, the court overrules AHS's objections, adopts Judge Orenstein's R&R, and supplements Judge Orenstein's well-reasoned analysis as set forth below.

## FACTUAL BACKGROUND

The court presumes familiarity with the lengthy procedural history and detailed facts of this case, which have been set forth comprehensively in Judge Orenstein's R&R. (R&R at 4-6.) Because a recital of the facts is unnecessary to address AHS's objections, the court foregoes a summary of the facts.

## DISCUSSION

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party makes specific and timely

2

objections to a magistrate judge's findings or recommendations, the district court must apply a *de novo* standard of review to the portions of the R&R to which the objection is made. *Mazzei v. Abbott Labs. & Co.*, No. 10-CV-1011, 2012 WL 1101776, at *1 (E.D.N.Y. Apr. 2, 2012) (citing *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010)); *see also* 28 U.S.C. § 636(b)(1).

Where no proper objection to a Report and Recommendation has been timely made, the district court "'need only satisfy itself that that there is no clear error on the face of the record.'" *Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)); *see also Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001). In addition, where "the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the [c]ourt will review the report and recommendation strictly for clear error." *Zaretsky v. Maxi-Aids, Inc.*, No. 10-CV-3771, 2012 WL 2345181, at *1 (E.D.N.Y. June 18, 2012) (internal quotation marks omitted); *see also Soley v. Wasserman*, 823 F. Supp. 2d 221, 228 (S.D.N.Y. 2011); *Vega v. Artuz*, No. 97-CV-3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (noting that "objections that are merely perfunctory responses argued in an attempt to engage the district court in a

3

rehashing of the same arguments set forth in the original [papers] will not suffice to invoke *de novo* review").

Here, AHS lodges three objections to Judge Orenstein's R&R, only one of which warrants *de novo* review. The court addresses each objection in turn.

### I. AHS's First "Objection": Disponent Owner

AHS's first "objection" does not constitute a formal objection to the R&R as it does not challenge any of the findings made by Judge Orenstein. (AHS Obj. at 1-2.) Instead, AHS clarifies one difference in terminology between the parties' Rule 56.1 statements. (*Id.*) Specifically, AHS explains that its Rule 56.1 Statement refers to CDS Marine Construction LLC ("CDS") as the "disponent owner," whereas Gowanus' Rule 56.1 Statement refers to CDS as the "effective owner." (*Id.*) AHS states that "disponent owner" is a term of art in maritime law which carries with it certain implications as to the rights and responsibilities of the disponent owner to the vessel, but does not explain the implications, rights, or responsibilities that are relevant to the issues before the court. (*Id.* at 2.) AHS therefore expresses its assumption that both terms are "identical in meaning." (*Id.*) Because AHS concedes that "no objection is made by AHS," (*id.*), the court need not formally rule on AHS's first objection but duly notes AHS's clarification.

4

## II. AHS's Second Objection: Viability of Counterclaims

In its second objection to the R&R, AHS challenges Judge Orenstein's recommended finding that AHS again has failed to articulate a viable theory of liability on its counterclaims in its post-remand summary judgment motion. (*See* AHS Obj. at 2-4; R&R at 7-10.) Specifically, AHS maintains that it has identified three cognizable theories of counterclaim liability: (1) the "general maritime law"; (2) "equity"; and (3) "common sense." (AHS Obj. at 2-4.) AHS's second objection, however, consists entirely of the arguments AHS already raised before Judge Orenstein and does not warrant *de novo* review.

Indeed, AHS expressly acknowledges the repetitive nature of its second objection. For example, in objecting to Judge Orenstein's rejection of the "general maritime law" theory of liability, AHS cites to this court's prior June 23, 2010 Memorandum and Order and then concedes that "its post-remand brief in support of the instant motion for summary judgment" referenced and discussed the same June 23, 2010 Memorandum and Order. (*Compare* AHS Obj. at 2-3, *with* AHS Mem. at 8.) More conspicuously, in objecting to Judge Orenstein's adverse finding as to the "equity" theory of counterclaim liability, AHS repeats verbatim an argument already presented in its post-remand summary judgment motion. (*Compare* AHS Obj. at 3, *with* AHS Mem. at 8-9.) In addition, with respect to Judge Orenstein's

5

rejection of its "common sense" theory of liability, AHS again raises the same arguments presented to Judge Orenstein and refers this court to the cases and arguments included in its post-remand summary judgment motion. (*See* AHS Obj. at 4 (citing to AHS Mem. at 10).)

Furthermore, Judge Orenstein thoroughly addressed and rejected all of the arguments reiterated in AHS's second objection to the R&R regarding each of AHS's three theories of counterclaim liability. (*See* R&R at 7-10 (discussing and rejecting AHS's arguments as to its three purported theories of counterclaim liability against Gowanus).) Accordingly, AHS's second objection constitutes an explicit attempt to relitigate arguments already raised and considered by Judge Orenstein. The court will thus review the portions of Judge Orenstein's R&R challenged in AHS's second objection strictly for clear error. *Caldarola v. Town of Smithtown*, No. 09-CV-272, 2011 WL 1336574, at *1 (E.D.N.Y. Apr. 4, 2011) ("[G]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." (internal quotation marks omitted)); *see also Zaretsky*, 2012 WL 2345181, at *1; *Soley*, 823 F. Supp. 2d at 228.

Upon careful review of the relevant portions of Judge Orenstein's thorough and well-reasoned R&R, the record in this case, and the relevant case law, the court finds no clear error

6

in Judge Orenstein's recommended findings regarding AHS's failure to identify or articulate a cognizable theory of counterclaim liability in its summary judgment motion. Moreover, even under a *de novo* review, the court would affirm and adopt Judge Orenstein's recommended finding that AHS has failed to establish a viable legal theory on which it may recover damages for its counterclaims.  Under both standards of review, AHS has failed to identify and plead a specific maritime or tort theory, with specific elements supported by sufficient undisputed facts.  Consequently, AHS's second objection is respectfully overruled.

### III. **AHS's Third Objection: Punitive Damages**

In its third and final objection to the R&R, AHS objects to Judge Orenstein's finding that AHS has forfeited any further opportunity to seek an award of punitive damages on its counterclaims. (*See* AHS Obj. at 4; R&R at 10-11.)  In his R&R, Judge Orenstein found that AHS neither objected to his 2010 Report and Recommendation recommending denial of AHS's punitive damages request nor sought appellate review of this court's subsequent adoption of that 2010 Report and Recommendation. (R&R at 11.)  AHS now acknowledges that it failed to object to the denial of punitive damages in Judge Orenstein's 2010 Report and Recommendation and thereby waived that issue on cross-appeal. (AHS Obj. at 4.)  Nevertheless, AHS maintains that because the

7

Second Circuit vacated the district court's Order, it reserves the right to seek punitive damages on remand. (*Id.*)

Upon *de novo* review of the record and the relevant case law, the court finds this argument unavailing. "The law-of-the-case doctrine 'posits that when a court decides upon a rule of law, that decision should continue to govern in subsequent stages of the same case.'" *In re Northern Telecom Ltd. Sec. Litig.*, 42 F. Supp. 2d 234, 239 (S.D.N.Y. 1998) (quoting *Sagendorf-Teal v. Cnty. of Rensselaer*, 100 F.3d 270, 277 (2d Cir. 1996)); *see also Cnty. of Suffolk v. Stone & Webster Engineering Corp.*, 106 F.3d 1112, 1117 (2d Cir. 1997) ("[A] decision made at a previous stage of litigation, which could have been challenged in the ensuing appeal but was not, becomes the law of the case; the parties are deemed to have waived the right to challenge that decision . . . ."); *In re PCH Assocs.*, 949 F.2d 585, 592 (2d Cir. 1991) ("[A] decision on an issue of law made at one stage of a case becomes binding precedent to be followed in subsequent stages of the same litigation."). The court is mindful that this "rule is somewhat different after a case has gone up on appeal." *Am. Hotel Int'l Grp., Inc. v. OneBeacon Ins. Co.*, 611 F. Supp. 2d 373, 378 (S.D.N.Y. 2009). That is, "'[w]hen an appellate court has once decided an issue, the trial court, at a later stage in the litigation, is under a duty to follow the appellate court's

8

ruling on that issue.'" *Id.* (quoting *United States v. Uccio*, 940 F.2d 753, 757 (2d Cir. 1991)). If, however, "the trial court's decisions were not ruled on by the higher court, the trial court's decision remains the law of the case." *Id.* In other words, "[t]his means[] that if an appellate court reviewed a trial court's decision, but did not address an issue that the trial court decided, the trial court's decision remains the law of the case." *Id.*; *Scottish Air Int'l, Inc. v. British Caledonian Grp., PLC*, 152 F.R.D. 18, 25 (S.D.N.Y. 1993) ("Where matters are not expressly or implicitly decided by the appellate court, however, the appellate court's decision does not establish the law of the case for those issues.").

In this case, because AHS did not appeal the first judgment, the Second Circuit's remand order did not rule upon, address, or even discuss this court's previous denial of AHS's request for punitive damages. *See Gowanus Indus. Park, Inc. v. Arthur Sulzer Assocs., Inc.*, 436 F. App'x 4, 4-7 (2d Cir. 2011).[1] Rather, the Second Circuit vacated this court's prior judgment on the ground that the court failed to "identify the legal basis for imposing liability on Gowanus" and improperly computed AHS's *compensatory* damages. *Id.* at *6-7. In doing so, the Second Circuit did not reach, must less disturb, this court's prior

---

[1] As set forth in AHS's third objection to the current R&R, AHS did not object to the first Order adopting the 2010 Report and Recommendation's denial of punitive damages and did not, and could not, raise that issue on appeal. (AHS's Obj. at 4.)

9

determination that punitive damages were unavailable to AHS. *Id.* Accordingly, notwithstanding the vacatur of this court's prior judgment as to counterclaim liability and compensatory damages, the court's previous determination that punitive damages are unavailable to AHS remains the law of the case because the Second Circuit did not address punitive damages. *See OneBeacon Ins. Co.*, 611 F. Supp. 2d at 378.

Notably, the court "on remand has the discretion to reconsider an issue that was not decided by the Court of Appeals," although "the law of the case doctrine counsels against doing so." *Id.* at 379 (citing *Uccio*, 940 F.2d at 758). The court's "decision on whether to apply the law of the case doctrine turns principally on whether 'reconsideration is necessary to avoid injustice.'" *Id.* (quoting *Scottish Air Int'l, Inc.*, 152 F.R.D. at 25). Indeed, the Second Circuit has "advised that a court should adhere to its own prior rulings, 'absent cogent or compelling reasons to deviate, such as an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Id.* (quoting *Uccio,* 940 F.2d at 758).

10

AHS has failed to point to any cogent or compelling reason for this court to deviate from its prior denial of punitive damages. AHS has provided no additional evidence or clear error sufficient to warrant reconsideration of the punitive damages issue. Nor has AHS specifically identified any intervening change of controlling law. Although AHS broadly alludes to "significant Supreme Court cases concerning punitive damages in the admiralty," (AHS Obj. at 4), AHS has not cited or discussed those controlling cases in its objection. Moreover, in its post-remand summary judgment motion, AHS cites to only two cases in support of its renewed request for punitive damages: (1) *Williams v. City of New York*, 508 F.2d 356 (2d Cir. 1974) and (2) *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008). (AHS Mem. at 11-12.) Neither of those cases represents an intervening change of controlling law. Both the Second Circuit's opinion *Williams* and the Supreme Court's opinion in *Exxon* were available to the parties and the court prior to Judge Orenstein's 2010 Report and Recommendation denying punitive damages and this court's subsequent Order adopting that 2010 Report and Recommendation. Accordingly, the court, in its discretion, adheres to the law of the case and therefore declines AHS's invitation to now reconsider its request for punitive damages, after AHS previously failed to challenge in

11

any manner the court's 2010 decisions on the issue. AHS's third objection is respectfully overruled.[2]

## IV. Clear Error Review

Upon careful review of the R&R, the record before the court, and the relevant case law, the court finds no clear error in the portions of the R&R to which no objection has been made.

## CONCLUSION

For the reasons set forth above and in Judge Orenstein's thorough and well-reasoned R&R, the court denies the parties' cross-motions for summary judgment and dismisses AHS's pending counterclaims. The court grants AHS leave to amend its Answer to plead sufficient counterclaims that articulate a specific legal theory supported by the undisputed facts within thirty days of this Order, or by April 29, 2013. Following AHS's filing of such counterclaims, the parties may file final dispositive motions without seeking further discovery.

**SO ORDERED.**

Dated:   March 29, 2013
         Brooklyn, New York

                                    _____/s/_____
                                    KIYO A. MATSUMOTO
                                    United States District Judge
                                    Eastern District of New York

---

[2] In holding that AHS is not entitled to punitive damages, the court need not find that AHS has "forfeited" its right to pursue punitive damages, as stated in Judge Orenstein's R&R. Instead, the court overrules AHS's objection on the ground that the law of the case doctrine counsels against reconsideration of AHS's renewed request for punitive damages. In so holding, the court reaches the same result recommended by Judge Orenstein.