```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
```
GOWANUS INDUSTRIAL PARK, INC.

    Plaintiff/Counter-Defendant,

- against -

ARTHUR H. SULZER ASSOCIATES, INC.

    Defendant/Counter-Claimant.

```
-------------------------------X
```

**NOT FOR PUBLICATION**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

06-CV-105 (KAM) (JO)

**MATSUMOTO, United States District Judge:**

On February 3, 2014, Plaintiff/Counter-Defendant Gowanus Industrial Park, Inc. ("Gowanus") and Defendant/Counter-Claimant Arthur H. Sulzer Associates, Inc. ("AHS") filed their second post-remand cross-motions for summary judgment on the counterclaims of AHS, pursuant to Federal Rule of Civil Procedure 56. (ECF No. 101, AHS's Motion for Summary Judgment filed 2/3/14; ECF No. 102, AHS's Memorandum of Law in Support of Motion for Summary Judgment filed 2/3/14 ("AHS Mem."); ECF No. 104, AHS's Opposition to Cross-Motion for Summary Judgment filed 2/3/14 ("AHS Opp."); ECF No. 106, Gowanus's Motion for Summary Judgment filed 2/3/14; ECF No. 99-1, Gowanus's Memorandum of Law in Support of Motion for Summary Judgment filed 12/6/13 ("Gowanus Mem."); ECF No. 100, Gowanus's Opposition to AHS's Motion for Summary Judgment filed 1/17/14 ("Gowanus Opp."); ECF No. 106, Gowanus's Memorandum of Law in Further Support of

Motion for Summary Judgment filed 2/3/14 ("Gowanus Reply").) The court assumes that the parties are familiar with the facts and proceedings to date as set forth in the record.

In its motion for summary judgment, AHS seeks to prevail on its six amended counterclaims. (*See* AHS Mem.; ECF No. 95, Amended Answer filed 4/29/13 ("Am. Answer.").) In its first counterclaim, AHS alleges that Gowanus was liable for conversion under general maritime law based on its refusal to return the ADA barge to AHS, and seeks damages amounting to the barge's rental value for the period from February 27, 2004, through October 27, 2005 (the "Later Period," after AHS notified Gowanus of its ownership of the ADA barge and requested its return). (*Id.* at 7.) In the second through fifth counterclaims, pled in the alternative, AHS alleges that (1) Gowanus's failure to make any effort to ascertain the true owner of the ADA barge entitles AHS to reimbursement of the barge's rental value at a daily rate during the period April 23, 2003, through February 27, 2004 (the "Earlier Period," before AHS learned that the ADA barge was at the Gowanus facility and requested its return) (*id.* at 7-8); (2) Gowanus should be equitably estopped from asserting any defense relating to its actual lack of knowledge of the true owner of the barge (*id.* at 9); (3) Gowanus breached its duty under general maritime law to care for the barge or make reasonable efforts to locate its

owner, and is thus liable for the barge's daily rental rate (*id.* at 9); and (4) Gowanus's breach of duty to either care for the barge or make a reasonable effort to locate its owner entitles AHS to the barge's monthly rental rate (*id*. at 10.) In its sixth counterclaim, AHS seeks to recover $15,000 for the cost of repairs made to the ADA barge as a result of physical damage sustained while the barge was afloat at the Gowanus facility from April 23, 2003, through October 27, 2005. (*Id.* at 10-11.)

By Order dated October 2, 2013, the court referred the cross-motions for summary judgment to Magistrate Judge James Orenstein for a Report and Recommendation. (*See* Order Referring Cross-Motions dated 10/2/13.) On July 22, 2014, Judge Orenstein issued a Report and Recommendation, recommending that the court grant AHS's summary judgment motion as to its first and sixth counterclaims and award AHS damages in the amount of $110,418.30, but deny the remainder of AHS's motion for summary judgment; and deny Gowanus's summary judgment motion as to AHS's first and sixth counterclaims, but grant the remainder of Gowanus's motion. (ECF No. 108, Report and Recommendation dated 7/22/14 ("R&R") at 1, 15.) Judge Orenstein notified the parties of the right to file written objections within fourteen days of receipt of the R&R, or no later than August 8, 2014. (R&R at 15.) Judge Orenstein also advised the parties that failure to

file objections within the statutory period waives the right to appeal the district court's order. (R&R at 16.)

The statutory period for filing objections has now expired, and neither party has filed any objection to Judge Orenstein's R&R. (*See* docket.)

**FACTUAL BACKGROUND**

The court presumes familiarity with the lengthy procedural history and detailed facts of this case, which have been set forth comprehensively in Judge Orenstein's R&R. (R&R at 1-6.)

**DISCUSSION**

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where no objection to a Report and Recommendation has been timely made, the district court "'need only satisfy itself that that there is no clear error on the face of the record.'" *Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)); *see also Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001). In addition, failure to object timely generally waives further judicial review. *Marcella v. Capital*

*Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002).

Upon careful review of Judge Orenstein's thorough and well-reasoned R&R, the record in this case, the relevant case law, and considering that neither party has objected to Judge Orenstein's R&R, the court finds no clear error in Judge Orenstein's recommended findings and hereby affirms and adopts the R&R as the opinion of the court. Accordingly, AHS's motion for summary judgment as to its first counterclaim of conversion and sixth counterclaim to recover the cost of repair for physical damage sustained by the ADA barge from April 23, 2003 through October 27, 2005, is granted, and AHS is awarded damages in the total amount of $110,418.30 (consisting of $100,500 of damages on the first counterclaim, and $9,918.30 of damages on the sixth counterclaim). (*See* R&R at 15.) The remainder of AHS's motion is denied. Gowanus's cross-motion for summary judgment as to AHS's first and sixth counterclaims is denied, but the remainder of Gowanus's motion for summary judgment is granted.

## **CONCLUSION**

For the reasons set forth above and in Judge Orenstein's thorough and well-reasoned R&R, the court (1) grants AHS's motion for summary judgment as to its first and sixth counterclaims; (2) awards AHS damages of $100,500 on its first

counterclaim and $9,918.30 on its sixth counterclaim, resulting in a total damages award of $110,418.30; (3) denies the remainder of AHS's motion for summary judgment; (4) denies Gowanus's cross-motion for summary judgment as to AHS's first and sixth counterclaims; and (5) grants the remainder of Gowanus's motion for summary judgment.  As there has not been any finding of bad faith, an award of attorney's fees and costs is not warranted.  (*See* R&R at 14 n.7.)  The Clerk of Court is respectfully requested to enter judgment and to close this case.

**SO ORDERED.**

Dated:     September 2, 2013
           Brooklyn, New York

_____/s/_____
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York

6